# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH RAY JORDAN, #60818-054,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−01100−JPG |
| | ) | |
| **ATTORNEY GENERAL,** | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| **DIRECTOR OF BUREAU OF PRISONS,** | ) | |
| **UNITED STATES OF AMERICA, and** | ) | |
| **UNKNOWN STAFF OF USP-MARION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the Amended Complaint filed by Plaintiff Joseph Jordan on October 3, 2018. (Doc. 16). Plaintiff is currently in the custody of the Federal Bureau of Prisons ("BOP") and is housed at the Federal Correctional Institution located in Terre Haute, Indiana ("FCI-Terre Haute"). In the Amended Complaint, he addresses two distinct groups of claims. The first arises from a 2014 inmate assault that occurred at the United States Penitentiary in Marion, Illinois ("USP-Marion"). (Doc. 16, pp. 3-14). The second involves a challenge to the BOP's religious diet policy, which substantially burdens Plaintiff's exercise of religion. (Doc. 16, pp. 14-21). He specifically asks the Court to enjoin ongoing violations of his religious rights at FCI-Terre Haute. (Doc. 16, p. 21).

The Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from

1

such relief must be dismissed. 28 U.S.C. § 1915A(b). As part of the screening process, the Court must also consider whether any claims in the Amended Complaint are improperly joined in the action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## Amended Complaint

In the Amended Complaint, Plaintiff describes a grisly attack by several highly aggressive inmates at USP-Marion on December 10, 2014. (Doc. 16, pp. 3-14). Prior to the attack, Plaintiff complained about the dangers of housing inmates with mixed aggression levels together in the Communications Management Unit ("CMU"). The BOP Director and other prison officials ignored his complaints. Plaintiff was assaulted by several inmates and sustained a broken jaw that necessitated surgery and weeks of painful recovery. *Id*.

Plaintiff also challenges the BOP's "one-size-fits-all" religious diet. (Doc. 16, pp. 14-21). He claims the BOP's diet substantially burdens his exercise of religion. Plaintiff has asked the BOP director, warden, chaplain, and food service director at each facility where he has been housed for a meat- and egg- free diet. He has been forced to choose between the general diet, a non-flesh diet, and a certified meal plan, all of which include food that he cannot consume in accordance with his religious beliefs. Because Plaintiff refuses to eat these foods, he is malnourished and suffers from a number of related health problems. *Id*. He asks this Court to enjoin the ongoing interference with his religious exercise by officials at FCI-Terre Haute, where he has been housed since 2015. (Doc. 16, p. 21).

## Severance

Before this Court screens Plaintiff's claims pursuant to § 1915A, it is necessary to identify which claims belong in this action and which do not. The claims fall into two groups: (1) those claims arising from the 2014 inmate assault that occurred at USP-Marion (Doc. 16, pp.

2

3-14); and (2) those claims arising from the BOP's "one-size-fits-all" religious diet policy (Doc. 16, pp. 14-21). The first group encompasses Plaintiff's claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, and the related Eighth Amendment claims against the 2014 BOP Director and various Unknown Staff at USP-Marion[1] pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). (Doc. 16, pp. 3-14). The second group encompasses claims pursuant to the First Amendment, Eighth Amendment, and Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, against BOP officials,[2] who are responsible for adopting and/or enforcing the "one-size-fits-all" religious diet policy. (Doc. 16, pp. 14-21).

These two groups of claims were previously severed into separate suits, and Plaintiff has attempted to re-join them in the Amended Complaint. He originally filed this action in the United States District Court for the District of Columbia on September 15, 2017. *Jordan v. Attorney General, et al.*, No. 17-cv-01944-UNA (D.C. 2017). The case was transferred to the Southern District of Indiana on March 28, 2018. *See Jordan v. Attorney General, et al.*, No. 18-cv-00154-WTL-MJD (S.D. Ind.). The Southern District of Indiana screened the Complaint and dismissed it for violating Federal Rule of Civil Procedure 8. (Docs. 14 and 15). Before doing so, the Court identified what "appear[ed] to [be] a viable religious diet claim based on events that

---

[1] Plaintiff names the following defendants in connection with his *Bivens* claims: USP-Marion Wardens (2013-15), unidentified officers who were assigned to the CMU on December 10, 2014 ("Unidentified CMU Officers (Dec. 10, 2014)"), and unidentified prison administrator(s) who assigned Plaintiff to the CMU's special housing unit for the seven weeks following surgery ("Unidentified Administrators (Dec. 2014 – Jan. 2015)"). (Doc. 16, p. 4).

[2] Plaintiff allegedly notified the following officials about his religious diet when he transferred to each new facility: BOP director, prison warden, prison chaplain, and food service director. (Doc. 16, pp. 16-17). Because he did not name the prison warden(s), chaplain(s) or food service director(s) at each facility as defendants, any claims against them shall be considered dismissed without prejudice. Also, because he only named the BOP Directors from 2015 until 2018 as defendants in connection with this set of claims, the Court will not refer to any earlier directors as defendants; any claims against them are also considered dismissed without prejudice.

have occurred and are occurring in Terre Haute, Indiana" and "separate and distinct" claims arising from "events which occurred at the Federal Prison in Marion, Illinois including an assault on December 10, 2014."  (Doc. 8, p. 3).

The Southern District of Indiana dismissed the Complaint without prejudice and ordered Plaintiff to file an amended complaint focusing on his religious diet claims.  The claims arising from the 2014 inmate assault at USP-Marion were severed into a new case and transferred to this District on May 7, 2018.  (Doc. 13, pp. 1-2).  Plaintiff missed the deadline to re-plead the religious diet claims, and the Southern District of Indiana dismissed the case without prejudice on May 24, 2018.  (Docs. 14 and 15).  Plaintiff's request to file a post-judgment amended complaint in the closed case was denied, but the Court made it clear that Plaintiff was not precluded from pursuing his claims in a separate action.  (Docs. 18 and 19).  Rather than filing a new suit in the Southern District of Indiana to address the ongoing violations of his religious rights at FCI-Terre Haute, Plaintiff once again joined the religious diet claims and the inmate assault claims together in the Amended Complaint he filed in this District.  (Doc. 16).

However, the two sets of claims are *still* improperly joined in the same action.  Claims involving different groups of defendants that arise from separate transaction(s) or occurrence(s) and share no common question of law or fact cannot be joined in the same lawsuit.  *See* FED. R. CIV. P. 18, 20(a)(2); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).  In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens*, 860 F.3d

at 436. The Court has broad discretion when deciding whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined defendants. *See Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). The Court will exercise its discretion here because the two groups of claims involve different defendants, distinct events, and separate legal theories.

Moreover, the claims focus on events that occurred at BOP facilities located in two different federal judicial districts. The 2014 inmate assault occurred at USP-Marion, which is located in this District. The claims arising from the assault shall remain in this action. This includes the FTCA claim against the United States and the *Bivens* claims against the 2014 BOP Director and various Unknown Staff at USP-Marion, including USP-Marion Wardens (2013-15), Unidentified CMU Officers (Dec. 10, 2014), and Unidentified USP-Marion Administrators (Dec. 2014 – Jan. 2015).

In contrast, the religious diet claims focus on events that are allegedly still occurring at FCI-Terre Haute, which is located in the Southern District of Indiana. Consistent with *George* and Federal Rule of Civil Procedure 21, the Court shall sever the religious diet claims against the 2015-18 BOP Directors into a separate action. The appropriate venue for the action is the United States District Court for the Southern District of Indiana. *See* 28 U.S.C. § 1391(b), 1404(a). Therefore, the severed case will be transferred to the Southern District of Indiana for all further action, once the new case is opened and given a case number.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's religious diet claims (Doc. 16, pp. 14-21), which are unrelated to his 2014 inmate assault claims (Doc. 16, pp. 3-14), are **SEVERED** into a separate case against Defendants **FEDERAL BUREAU OF PRISONS DIRECTORS (2015-**

**18)** and **WARDEN of FCI – TERRE HAUTE,** who shall be added as a defendant, in his or her official capacity only, based on Plaintiff's request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The severed case shall be captioned: **JOSEPH JORDAN, Plaintiff vs. FEDERAL BUREAU OF PRISONS DIRECTORS (2015-18) and WARDEN of FCI – TERRE HAUTE, Defendants**.

**IT IS FURTHER ORDERED** that a new case addressing Plaintiff's religious diet claims will be **OPENED** in this District and **TRANSFERRED** to the United States District Court for the Southern District of Indiana for all further action. *See* 28 U.S.C. § 1391(b), 1404(a). In the newly-severed case, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order Severing Case and Directing Transfer;
2) First Amended Complaint (Doc. 16);
3) Order Denying Request for "Emergency Temporary Injunction" (Doc. 17);
4) Motion for Leave to Proceed *in forma pauperis* (Doc. 2).

**IT IS ORDERED** that the only claims remaining in this action pertain to Plaintiff's 2014 inmate assault (Doc. 16, pp. 3-14). This includes the claim under the Federal Tort Claims Act against Defendant **UNITED STATES OF AMERICA** and the claims brought pursuant to *Bivens* against Defendants **FEDERAL BUREAU OF PRISONS DIRECTOR (2014)** and **UNKNOWN STAFF AT USP-MARION (*i.e.*, USP-MARION WARDENS (2013-15), USP-MARION CMU OFFICERS (DEC. 2014),** and **USP-MARION ADMINISTRATORS (DEC. 2014 – JAN. 2015))**. These claims will be screened in a separate order pursuant to § 1915A. No service shall be ordered on the defendant(s) in this case until the § 1915A review is completed.

This case shall now be captioned: **JOSEPH JORDAN, Plaintiff vs. UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS DIRECTOR (2014)**, **and UNKNOWN STAFF at USP-MARION (*i.e.*, USP-MARION WARDENS (2013-15), USP-MARION**

**CMU OFFICERS (DEC. 2014), and USP-MARION ADMINISTRATORS (DEC. 2014 – JAN. 2015)), Defendants.**

**IT IS ORDERED** that the following Defendants are **DISMISSED** with prejudice from **this** action because the allegations fail to state a claim against them based on the 2014 inmate assault at USP-Marion: **ATTORNEY GENERAL, FEDERAL BUREAU OF PRISONS,** and **FEDERAL BUREAU OF PRISONS DIRECTORS (2015-18)**. The Clerk is **DIRECTED** to **TERMINATE** these parties as Defendants on the docket sheet in CM/ECF.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: October 17, 2018**

s/J. Phil Gilbert
**U.S. District Judge**
