# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JOSEPH RAY JORDAN, #60818-054, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv−01100−JPG |
| UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS DIRECTOR (2014), and UNKNOWN STAFF AT USP-MARION, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Jordan, an inmate who is currently incarcerated at the Federal Correctional Institution located in Terre Haute, Indiana ("FCI-Terre Haute"), brings this action for alleged violations of his federal rights that occurred in connection with a 2014 inmate assault at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). This matter is now before the Court for preliminary review of the First Amended Complaint. (Doc. 16). In it, Plaintiff asserts claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, and against the 2014 Director of the Federal Bureau of Prisons ("BOP") and Unknown Staff at USP-Marion pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1] He seeks monetary relief. (Doc. 16, pp. 2-14).

This case is before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is

---

[1] Plaintiff also brings unrelated claims against different defendants for the denial of a religious diet. (Doc. 16, pp. 14-21). These claims were severed into a separate case and transferred to the United States District Court for the Southern District of Indiana.

1

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

According to the Amended Complaint, Plaintiff was attacked by several inmates in USP-Marion's communications management unit ("CMU"). (Doc. 16, pp. 3-14). Plaintiff blames the assault on the conditions of his confinement—namely the housing of low-, medium-, and high-aggression inmates together in the CMU without adequate security staff. At least twice in 2013, Plaintiff complained directly to the BOP Director and prison warden about the dangers posed by these conditions. (Doc. 16, p. 4). In 2014, he complained to the prison warden and was told not to concern himself with prison operations. (Doc. 16, p. 5).

On December 10, 2014, Plaintiff was brutally attacked by several high aggression inmates who wielded weapons. (Doc. 16, pp. 3-14). He suffered a broken jaw that necessitated surgery, followed by months of painful recovery. Instead of placing Plaintiff in the prison's health care unit ("HCU") for observation following surgery, prison administrators placed Plaintiff in the CMU's special housing unit. For seven weeks, he was denied adequate medical care and nutrition, resulting in unnecessary pain and weight loss. *Id.*

Plaintiff now brings an FTCA claim against the United States based on the negligence or deliberate indifference of federal officials at USP-Marion. He also brings several Eighth Amendment claims against the 2014 BOP Director[2] and Unidentified Staff at USP-Marion[3] pursuant to *Bivens*.

---

[2] Plaintiff mentioned the 2013 BOP Director in the statement of his claim, but he did not name this individual as a defendant in the case caption or list of defendants. Therefore, all claims against this

2

**Discussion**

In accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Amended Complaint, as follows:

**Count 1:** Defendant United States, by and through the negligence or deliberate indifference of the BOP Director (2014) and Unknown Staff at USP-Marion (USP-Marion Wardens (2013-15), CMU Officers (Dec. 10, 2014), and USP-Marion Administrators (Dec. 2014 – Jan. 2015)), is liable for Plaintiff's 2014 assault and resulting injuries under the FTCA.

**Count 2:** Defendants BOP Director (2014) and Unknown Staff at USP-Marion (USP-Marion Wardens (2013-15) and CMU Officers (Doc. 10, 2014)) violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment and pursuant to *Bivens* when they failed to protect him from the inmate assault.

**Count 3:** Defendants Unknown Staff at USP-Marion (Unknown Administrators (December 2014 and January 2015)) violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment and pursuant to *Bivens* when they placed him in the CMU for the seven weeks following surgery without adequate medical care or nutrition.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. **Any claim not identified above but encompassed by the allegations shall be considered dismissed without prejudice for failure to satisfy the *Twombly* pleading standard.**

---

person are considered dismissed without prejudice from the action. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").

[3] The unknown staff are more specifically identified in the Amended Complaint as USP-Marion's Wardens (2013-15), unidentified officers who were assigned to the CMU on December 10, 2014 ("Unidentified CMU Officers"), and unidentified prison administrator(s) who assigned Plaintiff to the CMU's special housing unit for the seven weeks following surgery on December 13, 2017 ("Unidentified USP-Marion Administrators (Dec. 2014 – Jan. 2015)"). (Doc. 16, p. 4).

**Count 1**

The Federal Tort Claims Act ("FTCA") authorizes claims for money damages against the United States for personal injury or death caused by the negligent or wrongful act or omission of any government employee who was acting within the scope of his or her employment at the time. 28 U.S.C. § 1346(b)(1). Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The allegations support an FTCA claim against the United States, based on the allegedly negligent conduct of the 2014 BOP Director and/or Unknown Staff at USP-Marion. Accordingly, the Court will allow Count 1 to proceed against the United States.[4] This claim is dismissed with prejudice against all other defendants. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008).

**Counts 2 and 3**

Plaintiff's *Bivens* claims are time-barred. The statute of limitations for a *Bivens* action, like an action brought pursuant to 42 U.S.C. § 1983, is governed by the law of the state where the incident giving rise to the action occurred. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)); *Delgado-Brunet v. Clark*, 93 F.3d 339 (7th Cir. 1996). The tortious conduct giving rise to this action occurred in Illinois, and a 2-year statute of limitations applies to personal injury actions in Illinois. 735 ILCS § 5/13-202. Plaintiff's claims are thus governed by the 2-year statute of limitations. *O'Gorman*, 777 F.3d at 889; *Wallace*, 549 U.S. at 387.

---

[4] The Court has not decided whether the FTCA claim is time-barred. Before bringing this suit, Plaintiff filed a Claim for Damage, Injury, or Death on September 1, 2016. (Doc. 16, p. 24). The BOP denied the claim on March 15, 2017. (Doc. 16, p. 27). In the denial letter, Plaintiff was instructed to "file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification." *Id*. He filed suit in the United States District Court for the District of Columbia on September 15, 2017, and the case was transferred to this federal judicial district on May 10, 2018.

The inmate assault that forms the basis of this action occurred at USP-Marion on December 10, 2014, and the misconduct of prison officials allegedly continued through January 2015. *See Khan v. United States*, 808 F.3d 1169, 1174 (7th Cir. 2015); *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999) (statute of limitations in a *Bivens* claim "begins to run when the plaintiff knows that he has been injured"). The statute of limitations for his *Bivens* claims expired prior to February 1, 2017. Plaintiff did not file this action until September 15, 2017, well beyond the statute of limitations period for his *Bivens* claims.

Normally, the statute of limitations is an affirmative defense. However, if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Comm. Co.*, 12 F.3d 717, 718 (7th Cir. 1993). *See also Khan*, 808 F.3d at 1172 (citing *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (although a plaintiff is generally not required to plead around an affirmative defense, such as a statute of limitations, the district court can dismiss a complaint as untimely if the plaintiff admits all elements of the affirmative defense). With respect to his *Bivens* claims, Plaintiff has pleaded himself out of court. Counts 2 and 3 do not survive review under 28 U.S.C. § 1915A and shall therefore be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed with his claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80, in **COUNT 1** against Defendant **UNITED STATES OF AMERICA**. However, this claim is **DISMISSED** with prejudice against all other defendants.

**IT IS FURTHER ORDERED** that all claims brought pursuant to *Bivens*, *i.e.*, **COUNTS 2** and **3**, are **DISMISSED** with prejudice as time-barred. The Clerk is **DIRECTED** to

**TERMINATE** the Federal Bureau of Prisons Director (2014) and Unknown Staff of USP-Marion as Defendants in CM/ECF.

The Clerk of Court is further **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the Office of the United States Attorney for the Southern District of Illinois a copy of the Summons, the First Amended Complaint (Doc. 16), and this Memorandum and Order, and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the Summons, the First Amended Complaint (Doc. 16), and this Memorandum and Order.

Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the U.S. Attorney. Any paper received by a district judge or a magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Each Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 17, 2018**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**