# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH RAY JORDAN, #60818-054, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv−01100−JPG-RJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before this Court for consideration are several motions filed by Plaintiff Joseph Jordan to challenge this Court's initial Severance Order (Doc. 18) and Screening Order (Doc. 19). (*See* Docs. 27, 28, 30, 32, and 41). In the Motions, Plaintiff takes issue with the Court's decision to sever his religious diet claims from this action and to dismiss his *Bivens* claims as time-barred based largely on additional factual allegations he sets forth in the motions. Plaintiff also seeks leave to amend his Complaint, but he offers no proposed amendment with the motions. With the exception of Document 30, Plaintiff's Motions shall be **DENIED**.

## Background

This case has a complicated and protracted procedural history that pre-dates its arrival in this District. During his incarceration at the Federal Correctional Institution located in Terre Haute, Indiana ("FCI-Terre Haute"), Plaintiff filed the action to address claims stemming from a 2014 inmate assault at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). He asserted claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, and against the 2014 BOP Director and Unknown USP-Marion Staff

1

pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). In connection with these claims, Plaintiff requested monetary relief.

Plaintiff also challenged the Federal Bureau of Prison's ("BOP") one-size-fits-all religious diet as nutritionally inadequate and as being an impediment to his religious exercise. He asserted claims against BOP officials responsible for adopting and enforcing the "one-size-fits-all" religious diet policy under the First Amendment, Eighth Amendment, and Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb. He specifically complained about the denial of a meat- and egg-free diet at USP-Terre Haute. In connection with these claims, Plaintiff requested an order enjoining the ongoing interference with his religious diet.

Plaintiff originally filed this suit in the United States District Court for the District of Columbia. *Jordan v. Attorney General, et al.*, No. 17-cv-01944-UNA (D.C. 2017). On March 28, 2018, the case was transferred to the Southern District of Indiana, where the Complaint was dismissed without prejudice for violating Federal Rule of Civil Procedure 8. *See Jordan v. Attorney General, et al.*, No. 18-cv-00154-WTL-MJD (S.D. Ind.). The Southern District of Indiana recognized Plaintiff's religious diet claims as being "separate and distinct" from the 2014 assault claims. (Doc. 8, p. 3). Plaintiff was granted leave to file an amended complaint focusing on his religious diet claims. However, the 2014 inmate assault claims were severed and transferred to this District on May 7, 2018. (Doc. 13, pp. 1-2).

Plaintiff missed the deadline to amend the complaint in his religious diet case, and it was dismissed without prejudice on May 24, 2018. (Docs. 14 and 15). The Southern District of Indiana denied his request for post-judgment relief. (Docs. 18 and 19). However, the district court informed Plaintiff that he could file a new action if he wished to pursue the religious diet claims.

This Court received only a portion of the Complaint (*i.e.*, pages 29-40) with the transferred case involving the 2014 inmate assault. (Docs. 1 and 13). Plaintiff requested additional time to sort out his claims, and the Court granted him time to file an amended complaint. (Docs. 10, 13, and 16). In the First Amended Complaint filed on October 3, 2018, Plaintiff again joined the religious diet claims and 2014 inmate assault claims together in the same action. (Doc. 16).

In a Severance Order dated October 17, 2018, this Court explained that the two sets of claims were "*still* improperly joined in the same action" because they involve different groups of defendants, arise from separate transactions or occurrences, and share no common question of law or fact." (Doc. 18, p. 4). The Court severed the religious diet claims into a separate case for transfer to the Southern District of Indiana. At the time, Plaintiff was housed at FCI-Terre Haute and requested injunctive relief against prison officials at that facility.

In a separate Screening Order entered the same day, the Court screened the claims arising from Plaintiff's 2014 inmate assault pursuant to 28 U.S.C. § 1915A. (Doc. 19). The Court recognized three separate claims at issue in this case: **Count 1** - FTCA claim against the United States for the 2014 inmate assault on Plaintiff at UPS-Marion; **Count 2** - Eighth Amendment claim brought pursuant to *Bivens* against the BOP Director (2014), USP-Marion Wardens (2013-15), and CMU officers for failing to protect Plaintiff from the inmate assault on December 10, 2014; and **Count 3** - Eighth Amendment deliberate indifference to medical needs claim brought pursuant to *Bivens* against Unknown Administrators (December 2014 and January 2015) for failing to adequately treat the injuries Plaintiff sustained in the 2014 inmate assault.

The FTCA claim (Count 1) against the United States survived screening based on the allegations of negligence and/or deliberate indifference against the 2014 BOP Director and/or Unknown Staff at USP-Marion. (Doc. 19, pp. 4-5). The Eighth Amendment claims (Counts 2 and

3

3) ("*Bivens* claims") were dismissed as being time-barred. (Doc. 19, p. 5). The Court explained that the assault giving rise to both claims occurred on December 10, 2014, and the alleged misconduct of prison officials continued through January 2015. Plaintiff knew he was injured on the date of the assault and certainly no later than January 2015. The applicable 2-year statute of limitations thus expired before he filed this action in late 2017. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015); 735 ILCS § 5/13-202. Counts 2 and 3 were dismissed with prejudice. (Doc. 19, pp. 5-6).

## Motions

Plaintiff filed five separate motions that challenge the Severance Order (Doc. 18) and Screening Order (Doc. 19), either directly or indirectly: (A) Motion for Reconsideration of the Order Referring Case (**Doc. 27**) filed November 13, 2018; (B) Motion for Leave to File Second Amended Complaint (**Doc. 28**) filed November 13, 2018; (C) Motion for Amendment to Order Referring Case (**Doc. 30**) filed November 13, 2018; (D) Motion for Joinder or, Alternatively, to Add Claim Against United States (**Doc. 32**) filed November 13, 2018; and (E) Renewed Motion for Reconsideration and/or to Amend Order (**Doc. 41**) filed February 5, 2019.

Plaintiff's Motions seek relief from the Severance Order (Doc. 18) and Screening Order (Doc. 19) entered October 17, 2018. Plaintiff challenges the Court's decision to sever his religious diet claims into a separate case or, alternatively, seeks leave to amend his complaint to add a claim challenging the BOP's "one-size-fits-all" religious diet under the Religious Freedom Restoration Act. Plaintiff also seeks reinstatement of the *Bivens* claims on the ground that the Eighth Amendment violations continued until September 15, 2015, and he filed suit less than two years later. Plaintiff offers additional facts in support of this assertion; he describes threats to his safety posed by placement near his perpetrator and his perpetrator's "Islamist 'brothers'" in USP-

Marion's communications management unit ("CMU") between January and September 2015. Plaintiff also points out that he filed suit less than two years later on August 22, 2017—not on September 15, 2017. (*see* Doc. 30).

The Court has authority to reconsider the two nonfinal orders that Plaintiff now challenges in his motions (Docs. 27, 28, 30, 32, and 41) pursuant to Federal Rule of Civil Procedure 54. *See Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018) (citations omitted) (district judges may reconsider interlocutory orders at any time before final judgment). Rule 54(b) authorizes the district court to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of . . . judgment." *See* FED. R. CIV. P. 54(b); *Terry*, 888 F.3d at 893 (citations omitted). Pursuant to this authority, the Court has reviewed the Severance Order and Screening Order.

Upon review of the Severance Order, the Court concludes that it acted within its discretion when severing Plaintiff's religious diet claims from this case. The religious diet claims and 2014 inmate assault claims involve separate transactions or occurrences, different defendants, and unrelated requests for relief. The severance decision is not only consistent with the Southern District of Indiana's earlier decision, but it is also consistent with well-established Seventh Circuit precedent.

The Seventh Circuit specifically instructs district courts faced with this situation to "solve the problem by severance (creating multiple suits that can be separately screened) or dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (*Lee v. Cook County*, 635 F.3d 969 (7th Cir. 2011)). District courts also have "broad discretion" when deciding whether to sever or dismiss improperly joined

5

defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court acted well within its discretion when severing Plaintiff's religious diet claims into a new suit.

Upon review of the Screening Order, the Court finds that its decision to dismiss the *Bivens* claims (Counts 2 and 3) as time-barred was proper, even if the Court accepts Plaintiff's argument that his Complaint was filed on August 22, 2017. Plaintiff contends that this Court erred when finding that the original Complaint was filed on September 15, 2017. (Doc. 1, p. 13). The prison mailbox rule provides that "a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded." *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015). Plaintiff certified that he mailed the Complaint "using BOP-provided mailing procedures . . . to the District Court" on August 22, 2017. (Doc. 1, p. 13). Giving Plaintiff the benefit of this rule, the Court finds that he filed the Complaint on August 22, 2017, and his Motion seeking correction of footnote 4 in the Screening Order (Doc. 19) will be granted.

His *Bivens* claims are still time-barred according to the allegations in the First Amended Complaint. Count 2 involves an Eighth Amendment claim against those BOP officials who failed to protect Plaintiff from an inmate assault that occurred on December 10, 2014. Count 3 involves a related Eighth Amendment claim against USP-Marion staff and administrators who placed him in the CMU for the next seven weeks following surgery without adequate medical care or nutrition. The statute of limitations for a *Bivens* claim "beings to run when the plaintiff knows that he has been injured." *See Khan v. United States*, 808 F.3d 1169, 1174 (7th Cir. 2015); *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999). Plaintiff knew that he was injured on December 10, 2014, and knew that he received inadequate medical treatment for his injuries in the CMU during the next

seven weeks (prior to February 2015). He did not file this action until August 22, 2017, which is well beyond the two-year statute of limitations for his claims.

Plaintiff's attempt to argue a continuing violation based on facts that support a *new* claim against prison officials (*i.e.*, for failing to protect him from his perpetrator and his perpetrator's "Islamist 'brothers'" in the communications management unit through September 2015) is unavailing. These new factual allegations belong in an amended complaint and do not support his motion for reconsideration of the Screening Order. However, the Court will modify the dismissal of the *Bivens* claims to reflect their dismissal *without prejudice* in the Screening Order, leaving Plaintiff free to reassert his *Bivens* claims in an amended complaint if he can demonstrate that they are timely.

Finally, Plaintiff seeks leave to amend his First Amended Complaint. However, he did not file a proposed amended complaint with Documents 27, 28, 30, 32, or 41. His requests for leave to amend shall therefore be denied for non-compliance with Local Rule 15.1. This rule requires a plaintiff to submit the proposed amended complaint along with his motion seeking leave to amend. *See* SDIL Local Rule 15.1. The denial of this request is without prejudice to any other pending or future motion seeking leave to amend the complaint.

This Order does not address Document 45, which is a Motion for Leave to File Second Amended Complaint. The Court will defer a decision on the Motion for 21 days. If Plaintiff wishes to replace the proposed Second Amended Complaint with a newly-revised version, in light of this Order, he must follow the instructions and deadline for doing so in the below disposition.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 27), Motion for Leave to File Second Amended Complaint (Doc. 28), Motion for Amendment to

7

Court's Order (Doc. 30), Motion for Joinder or, Alternatively, to Add Claim (Doc. 32), and Renewed Motion for Reconsideration and/or to Amend (Doc. 41) are **DENIED**, with two exceptions: (1) Footnote 4 of Document 19 is **MODIFIED** to reflect the filing date of this action as being August 22, 2017, instead of September 15, 2017; and (2) the *Bivens* claims (Counts 2 and 3) are **DISMISSED without prejudice** to Plaintiff re-pleading both claims in an amended complaint.

This Order does not address Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 45). The Court **DEFERS** a decision on this Motion for 21 days. If Plaintiff wishes to replace his proposed Second Amended Complaint with a newly-revised version in light of this Order, he must file a new Motion for Leave to File Second Amended Complaint along with a newly-revised Second Amended Complaint consistent with Federal Rule of Civil Procedure 15 and Local Rule 15.1 on or before **June 4, 2019**. Failure to do so will result in a decision on the pending Motion for Leave to File Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED: May 14, 2019**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**