IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH RAY JORDAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-1100-JPG-RJD |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joseph Ray Jordan, an inmate in the custody of the United States Bureau of Prisons ("BOP"), alleges he was attacked by several inmates while he was incarcerated in the communications management unit ("CMU") at the United States Penitentiary in Marion, Illinois ("USP Marion"). Plaintiff alleges he complained about the dangerous conditions in the CMU to BOP officials, but was told not to concern himself with prison operations. Plaintiff is proceeding in this action on the following claim:

> Count 1: Defendant United States, by and through the negligence or deliberate indifference of the BOP Director and Unknown Staff at USP Marion, is liable for Plaintiff's 2014 assault and resulting injuries under the FTCA.

Plaintiff submitted an Amended Complaint for review on March 13, 2019. The Court construed the Amended Complaint as a motion for leave to file a second amended complaint because Plaintiff was not entitled to amend his pleading as a matter of course under Federal Rule of Civil Procedure 15(a). Prior to submitting his amended complaint for review, Plaintiff filed numerous motions seeking reconsideration of the Court's screening order. These motions were addressed by District Judge Gilbert on May 14, 2019 (Doc. 56). Judge Gilbert advised Plaintiff

a decision would be rendered on his pending motion for leave to file a second amended complaint if Plaintiff did not file a new motion for leave to file along with a newly-revised Second Amended Complaint by June 4, 2019.  Plaintiff has not filed a new motion for leave, nor has he submitted a revised Second Amended Complaint for review.  Accordingly, now before the Court is Plaintiff's motion for leave to file a second amended complaint (Doc. 45).

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires."  The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities."  *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).  The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant."  *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).  A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility.  *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

In his proposed second amended complaint[1], Plaintiff again sets forth his allegations concerning the December 10, 2014 assault, and alleges he suffered injuries that occurred "up to and about" September 10, 2015.  Although not entirely clear, it appears Plaintiff is attempting to bring claims against the BOP for instituting unconstitutional policies that led to his assault and the provision of inadequate medical care to treat his resulting injuries.  However, Plaintiff only specifically identifies the United States of America as a defendant.  Plaintiff indicates that the United States of America is the defendant for purposes of this tort action, but goes on to allege that

---

[1] Plaintiff captions his filing as an "Amended Complaint," however, it is correctly captioned as a "Second Amended Complaint" as Plaintiff's Amended Complaint was filed on October 3, 2018 (Doc. 16).

employees of the BOP caused, and exacerbated, the injuries alleged herein. Plaintiff asserts that the BOP employees include those identified by job description or title, and time periods and location, within the claims and legal claims sections of this complaint. Plaintiff notes that he seeks an order of the Court directing the defendant to identify the employees by full names and titles.

Insofar as Plaintiff is attempting to bring claims against employees of the BOP or the BOP itself pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), his attempts fail. As set forth in the Court's previous Orders (Docs. 19 and 56), such claims are time-barred. The assault giving rise to the proposed claims occurred on December 10, 2014, and there is no particularized allegation of any misconduct on behalf of prison officials after approximately February 2015, when Plaintiff was released from the special housing unit back to the CMU. Indeed, Plaintiff merely alleges that certain individuals remained housed in the CMU and he experienced weight loss, extreme anxiety, panic attacks, sleepless nights, and mental anguish stemming from the December 2014 incident. There is no action attributed to any BOP staff members that caused or contributed to any alleged injury. Because this lawsuit was filed, at the latest, on August 22, 2017, any proposed *Bivens* actions are time barred. Plaintiff's proposed amendments to his complaint are therefore futile. Plaintiff's motion for leave to file a second amended complaint (Doc. 45) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 3, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**