# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH RAY JORDAN, #60818-054, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-01100-JPG |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 66), Motion for Extension of Time to Complete Discovery (Doc. 69), and Motion for Leave of Court to Serve Ten Extra Interrogatories (Doc. 70). For the reasons set forth herein, all three motions are **DENIED**.

Plaintiff is currently in the custody of the Federal Bureau of Prisons ("BOP") and is housed at the Federal Correctional Institution located in Butner, North Carolina ("FCI-Butner"). On August 22, 2017, he filed this action[1] for deprivations of his rights resulting from interference with his religious diet while in BOP custody and from a 2014 inmate assault that occurred at the United States Penitentiary in Marion, Illinois ("USP-Marion"). (Docs. 1 and 16). Upon review of the First Amended Complaint (Doc. 16), the Court severed the religious diet claims into a new suit (Doc. 17) and then screened all claims arising from the 2014 inmate assault (Doc. 18). The Court allowed Plaintiff to proceed with a single claim (Count 1) against the United States for the 2014 inmate assault pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80.

---

[1] Plaintiff originally filed this action in the United States District Court for the Southern District of Indiana, and it was transferred to this District in May 2018. (*See* Docs. 5-7).

1

(Doc. 19). Plaintiff's two related claims (Counts 2 and 3) against individual officers were dismissed as time-barred. (*Id.*).

On May 17, 2019, the Court entered a Scheduling and Discovery Order. (Doc. 57, p. 1). The parties were instructed to closely read the order because it contains important information and court deadlines. They were warned that "[f]ailure to follow this order may result in sanctions, including dismissal of the case." (*Id.*). Plaintiff was given until **August 16, 2019** to file an amended complaint. (*Id.* at p. 4). The parties were given a discovery deadline of **March 13, 2020**. (*Id.* at p. 1). The dispositive motion deadline was set for **April 17, 2020**. (*Id.*).

On December 16, 2019, Plaintiff filed a Motion for Leave to Amend Complaint. However, he failed to comply with Fed. R. Civ. P. 15, Local Rule 15.1, or this Court's Scheduling Order, which states in pertinent part:

> **F. Amendments to the Complaint**
>
> Amendments to a complaint are governed by Federal Rule of Civil Procedure 15. Leave of court is required to file an amended complaint more than 21 days after an answer or other responsive pleading is filed. If Plaintiff seeks to file an amended complaint, he must file a motion to do so, attaching the proposed amended complaint. The proposed amended complaint must stand on its own including exhibits. Any proposed amended complaint (no matter if it may be filed as of right pursuant to Federal Rule of Civil Procedure 15(a)(1) or with leave of court) must comport with the formatting requirements of Local Rule 15.1, which provides, *inter alia* that "[a]ll new material in an amended pleading must be underlined." SDIL-LR 15.1. Failure to comply with this requirement will result in rejection of the proposed pleading. Plaintiff should also explain in his motion for leave to file an amended complaint how the amended complaint differs from the complaint on file. The amended complaint, if accepted, will replace the prior complaint it its entirety. The Court does not accept piecemeal amendments.

(Doc. 57, p. 4). The proposed amendment does not comply with Local Rule 15.1, which requires Plaintiff to identify all new material in the amendment by underlining it. He underlined no new allegations, parties, or claims (and maintains that he added no new parties or claims). Plaintiff's proposed amended complaint is also untimely. He filed it on December 16, 2019—four months

2

after the deadline for doing so expired. (*Id*.). Plaintiff did not seek an extension of this deadline or offer sufficient grounds for an extension. Further, the proposed amendment was submitted more than two years after his original Complaint (Doc. 1, filed Aug. 22, 2017) and more than a year after his First Amended Complaint (Doc. 16, filed Oct. 3, 2018). Since then, Plaintiff has repeatedly attempted to amend his complaint, albeit unsuccessfully. (*See* Docs. 28, 45, 56, 61, 62, and 63). Given these considerations, the Court finds that good cause does *not* exist for an amendment at this late stage in litigation. Plaintiff's Motion for Leave to Amend (Doc. 66) is **DENIED**.

Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 69) and Motion for Leave of Court to Serve Ten Extra Interrogatories (Doc. 70) are also **DENIED**. The Scheduling and Discovery Order set a discovery deadline of March 13, 2020. (Doc. 57, p. 1). The parties were instructed to "mail" written discovery requests "at least 30 days before the discovery deadline." (*Id*.). Pursuant to the Scheduling Order, the final date to mail written discovery was February 12, 2020.

In his Motion for Extension filed February 18, 2020, Plaintiff indicates that he was still waiting for responses to 25 interrogatories that he served on Defendant on an unspecified date. (Doc. 69, p. 2). Defendant responded on February 20, 2020, by stating that it was not in receipt of any interrogatories. (Doc. 71). On February 24, 2020, Defendant supplemented this response by confirming receipt of: (1) a set of 25 detailed interrogatories, dated February 4, 2020, with no postmark on February 21, 2020 (Doc. 72, ¶ 4); and (2) a set of requests for production of documents, dated February 10, 2020, postmarked February 20, 2020 (Doc. 72, ¶ 4 at n. 2). Given this timeline of events, it is no mystery why Plaintiff was still waiting for responses to the 25 interrogatories he served on Defendants on or around February 4, 2020. It is also no mystery why

3

he was still waiting for responses to the document requests dated February 10, 2020. As of the date he filed his Motion for Extension on February 18, 2020, the responses were not yet due. If he mailed them on or before February 12, 2020, Plaintiff's written discovery is timely, and there is no need to extend the discovery deadline for purposes of these responses, and he cites no other reason for making this request for an extension. (*See* Doc. 72, pp. 1-4). Regardless, Defendant has indicated that it intends to respond to the pending written discovery--but reserves the right to make objections regarding timeliness. (*See* Doc. 72). This, of course, if Defendant's prerogative.

The Court finds no grounds for granting Plaintiff's request for an extension of the discovery deadline or for allowing him to serve Defendant with any additional written interrogatories or requests for production of documents. Plaintiff ties this last request to the pending motion for leave to amend and suggests that additional discovery is needed if he is allowed to file an amended complaint. Because Plaintiff will not be allowed to file the amended complaint, his related request to serve additional interrogatories shall also be denied.

Accordingly, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 66), Motion for Extension of Time to Complete Discovery (Doc. 69), and Motion for Leave of Court to Serve Ten Extra Interrogatories filed February 18, 2020 (Doc. 70) are **DENIED**. The Clerk of Court is **DIRECTED** to provide Plaintiff with a courtesy copy of the Scheduling and Discovery Order at Document 57, and the parties remain bound by the deadlines and instructions therein.

**IT IS SO ORDERED.**

**DATED: March 2, 2020**                               s/J. Phil Gilbert
                                                                    J. PHIL GILBERT
                                                                    U.S. District Judge