IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH RAY JORDAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:18-CV-1100-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**[1]

Pending before the Court is Plaintiff Joseph Ray Jordan's Motion to Compel Discovery Responses and to Extend the Discovery Deadline (Doc. 112). Defendant United States of America filed a response (Doc. 113), and Jordan filed a reply (Doc. 114). The Court held a hearing on March 30, 2021.

## BACKGROUND

**A.    The Complaint**

Jordan is an inmate in the Bureau of Prisons ("BOP") who is currently incarcerated at the Federal Correctional Institution located in Terre Haute, Indiana ("FCI-Terre Haute"). On December 10, 2014, when Jordan was housed at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), he was assaulted by two inmates (identified in discovery materials as Menter and Shnewer) in USP-Marion's

---

[1] Upon transfer from the United States District Court for the Southern District of Indiana, this action was assigned to Judge J. Phil Gilbert and Magistrate Judge Reona J. Daly. Judge Gilbert and/or Magistrate Judge Daly handled all maters in the case through October 9, 2020, when the matter was reassigned to the undersigned judge.

communications management unit ("CMU") and suffered a broken jaw. Jordan maintains that he was attacked because USP-Marion officials housed low-, medium-, and high-aggression inmates together in the CMU without adequate security staff. Jordan also claims that he was attacked because Muslim inmates at the CMU did not like his vocal opposition to recent terrorist attacks in the United States, and because he openly supported the United States Armed Forces—at the time of the attack, Jordan's son was a military member stationed in Afghanistan. Jordan claims he complained to USP-Marion officials about these conditions, but his complaints were ignored. Jordan is proceeding on a single count, articulated by the Court as follows:

> **Count 1**: Defendant United States, by and through the negligence or deliberate indifference of the BOP Director (2014) and Unknown Staff at USP-Marion (USP-Marion Wardens (2013-15), CMU Officers (Dec. 10, 2014), and USP-Marion Administrators (Dec. 2014 – Jan. 2015)), is liable for Plaintiff's 2014 assault and resulting injuries under the FTCA.

**B.   Disputed Discovery Matters**

A review of the docket in this case reveals that the parties have had extensive discovery disputes, including disagreements over deadlines. In the interest of brevity, the Court will not summarize each dispute. It is enough to say that, after presiding over numerous discovery disputes, Judge Gilbert recruited counsel to file a consolidated discovery motion on behalf of Jordan (Doc. 111). Specifically, the Court asked recruited counsel to: (1) clarify the nature of any discovery dispute; (2) address the need for additional time to conduct discovery; and (3) define the scope of any additional discovery needed (Doc. 111).

In response to Judge Gilbert's Order, on August 14, 2020, recruited counsel filed a Motion to Compel Discovery Responses and to Extend the Discovery Deadline (Doc. 112). The Government filed a response (Doc. 113), and recruited counsel filed a reply (Doc. 114).

A review of these pleadings reveals that the following discovery requests are in dispute: (1) Jordan's interrogatories 2, 9, 14, and 15 (Doc. 92-1 and 112-2); (2) Jordan's requests for production 1, 3-11, 15-18, 20-22, and 24-25 (Docs. 92-2 and 112-2); (3) Jordan's first set of requests for admission (134 requests in total) (Docs. 87, 92-3, 112-2, and 112-3); and (4) Jordan's second set of requests for admission (requests to admit the genuineness of specified documents) (Docs. 88, 92-4, and 112-3). The Court addresses each of these discovery requests in turn below.

## ANALYSIS

**A.     Relevant Authority**

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought-after information is not privileged. Discovery does not need to be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

B.     **Interrogatories**

*Interrogatory 15*

At the hearing, the parties indicated that the dispute regarding interrogatory 15 has been resolved. The Government has agreed to produce the disciplinary hearing officer ("DHO") report referenced in interrogatory 15. Accordingly, the Motion to Compel as to interrogatory 15 is **MOOT**.

The Government **SHALL** produce the DHO report on or before **April 30, 2021.**

*Interrogatories 2, 9, and 14*

The Government objects to interrogatories 2, 9, and 14 as being irrelevant, overly broad, vague, and/or unduly burdensome. The Court finds that, *as drafted by Jordan*, the interrogatories are vague and impose an undue burden on the Government. The Court will therefore quash interrogatories 2, 9, and 14, but will permit Jordan, through counsel, to propound revised interrogatories.

Revised interrogatory 2 should be specifically tailored to the statistical information Jordan seeks with respect to Muslim inmates at USP-Marion and Muslim inmates at USP-Marion in prison for a terrorism related offense, including a definition of such offenses. The issues with interrogatory 9 can be remedied by asking the Government to identify which employees were responsible for determining, during the relevant time period, the number of guards assigned to duty in the CMU and the level of surveillance in the CMU. Finally, interrogatory 14 should be narrowed by asking the Government to identify any documents in its possession that indicate inmates Menter or Shnewer had a history of violence generally or posed a threat to non-Muslim inmates, inmates affiliated with the

United States Armed Forces, or Jordan specifically. Such information could bear on—or reasonably could lead to matters that bear on—whether the Government knew or should have known of a potential threat to Jordan's safety. In responding to the revised interrogatories, the Government is reminded that discovery does not need to be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Any such revised interrogatories must be served on or before **April 20, 2021**.

**B.      Remaining Discovery Disputes**

*Second Set of Requests for Admission*

The parties agree that Jordan's second set of requests for admission can be addressed via stipulation if this case goes to trial. Accordingly, the Motion to Compel as to Jordan's second set of requests for admission is **MOOT.**

*Request to Reopen Discovery*

The request to reopen discovery is **GRANTED**. The Court will briefly reopen discovery. In this regard, a telephonic status conference has been set for **May 19, 2021,** at **11:00 a.m.**

*Disputed Requests to Produce and First Set of Requests for Admission*

Because the Court has reopened discovery, the Government's timeliness objection to Jordan's discovery requests is **MOOT.**[2] The Court finds, however, that the disputed

---

[2] Pursuant to the scheduling order entered in this case, the final date to mail written discovery was February 12, 2020. The disputed written discovery included signature dates of February 10, 2020 but were not postmarked until February 20, 2020 (requests to produce) and February 24, 2020 (first set of requests for admission). The Government contends that the discovery requests are untimely, and asks the Court to review evidence and relevant case law to determine whether

requests to produce (Nos. 1, 3-11, 15-18, 20-22, and 24-25) and the first set of requests for admission are overly burdensome. The Court will therefore quash the disputed requests to produce and the first set of requests for admission. But the Court will allow Jordan, through counsel, to submit revised requests to produce and requests for admission specifically tailored to the needs of this case. In revising the subject discovery requests, counsel should be cognizant of the Court's guidance on revising the disputed interrogatory requests.

Any such revised discovery requests must be served on or before **April 21, 2021**.

C. **Additional Matters**

At the hearing, the Government indicated that it has no record of Jordan submitting any complaints or grievances pertaining to the matters at issue in this case, and that it would produce an affidavit attesting to the fact that the Government completed a search but was unable to locate any relevant records.

The Government **SHALL** produce the subject affidavit on or before **April 30, 2021**.

### DISPOSITION

For the reasons stated above, the Court **ORDERS** as follows:

- The Motion to Compel as to interrogatory 15 is **MOOT**. The Government **SHALL** produce the DHO report on or before **April 30, 2021.**

- The Court quashes interrogatories 2, 9, and 14. Counsel for Jordan may revise these interrogatory requests. Any such revised interrogatories must be served on or before **April 21, 2021**.

---

Jordan is entitled to invoke the prison mailbox rule.

- The Motion to Compel as to Jordan's second set of requests for admission is **MOOT.**

- The request to reopen discovery is **GRANTED**. A telephonic conference has been set for **May 19, 2021**, to address the status of discovery at that time.

- Because discovery has been reopened, the Government's timeliness objection to Jordan's discovery requests is **MOOT.**

- The Court quashes requests to produce 1, 3-11, 15-18, 20-22, and 24-25 and Jordan's first set of requests for admission. Counsel for Jordan may revise these discovery requests. Any such revised discovery requests must be served on or before **April 21, 2021.**

- The Government **SHALL** produce an affidavit regarding its efforts to locate any complaints or grievances pertaining to matters at issue in this case on or before **April 30, 2021**.

**IT IS SO ORDERED.**

**DATED:**   March 30, 2021

*[Signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**