IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH RAY JORDAN,**

    **Plaintiff,**

v.

**UNITED STATES OF AMERICA,**

    **Defendant.**

Case No. 18-cv-1100-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joseph Ray Jordan, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the Federal Correctional Institution in Butner, North Carolina ("FCI–Butner"), brings this action for alleged violations of his federal rights while he was incarcerated at the United States Penitentiary in Marion, Illinois ("USP–Marion"). Jordan was allowed to proceed on a single count in his lawsuit against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq*. In short, he alleged that officials and staff at USP-Marion failed in their duty to protect him from an assault by another inmate. Jordan specifically identified seven ways in which staff's failures led to the assault.

On September 29, 2023, the Court granted the United States's motion for summary judgment on all of Jordan's claims except one: his claim that officials were negligent in failing to investigate or otherwise act regarding his complaints about Muslim inmates

1

prior to the assault (Doc. 206). The Court found that Jordan's other claims were either barred by the discretionary function exception to the FTCA or failed because of lack of evidence.

This matter is currently before the Court on several motions filed by Jordan. On November 8, 2023, Jordan filed a motion for reconsideration of the decision rejecting his cross-motion for summary judgment as untimely (Doc. 207). Over a month later, on December 18, 2023, Jordan filed a notice and motion regarding motion for reconsideration (Doc. 209) and a motion for reconsideration of the decision granting summary judgment (Doc. 210). In his notice and motion, Jordan noted that he tried to submit his second motion to reconsider on October 25, 2023, but the filings were returned to him by prison officials and then were not tendered to the post office until late November 2023 (Doc. 209, p. 2). He requests that the Court consider his motion (Doc. 210) as timely filed.

The Court will consider Jordan's additional motion to reconsider (Doc. 210) as timely filed. The United States filed responses (Docs. 208, 212) to both motions to reconsider.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure do not expressly allow for "motions to reconsider." But Rule 54(b) allows for a court to review "any order or other decision… that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." FED. R. CIV. P. 54(b). Any non-final order, such as a summary judgment motion which does not adjudicate all of the claims, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id*. *See*

*also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). A motion pursuant to Rule 54(b) is judged mostly by the same standard as a motion to alter or amend judgment filed pursuant to Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). *See also Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied*, 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## DISCUSSION

**A. Motion to Reconsider Jordan's Cross-Motion for Summary Judgment (Doc. 207)**

Jordan's first motion to reconsider requests reconsideration of the Court's decision to strike his cross-motion for summary judgment (Doc. 193). Simply put, Jordan fails to meet the standard for reconsideration because he fails to demonstrate that the Court made a mistake or that there is some change in law or fact warranting reconsideration. Instead, he argues that when his attorney was withdrawn on June 15, 2021, he was never

told that the deadline to file a summary judgment motion had expired or that he could not file a cross-motion (Doc. 207, pp. 2-3).

Jordan is wrong. The United States's dispositive motion was filed *months* before the Court's June hearing, and Jordan was aware that the motion was on file. It was clear that the deadline had passed. After Jordan's assigned counsel withdrew from the case, Jordan was granted leave to file a supplemental *response*. Jordan did not request additional time to file a cross-motion; he requested additional time to file a *response*, and the minute entry makes clear that he was only granted leave to file a "supplemental response" (Doc. 149). At no time did the Court grant an extension for Jordan to file his own motion for summary judgment. Jordan's subsequent motions for extension of time sought additional time to file his response, and the Court granted the extensions to file the response. The Court never granted Jordan additional time to file his own dispositive motion.

To the extent Jordan argues that his cross-motion tied together material facts and was necessary for the Court's review of the United States's summary judgment motion, Jordan had the opportunity to file a response to the summary judgment motion and did in fact file a 51-page response, including a statement of facts (Doc. 192). He also filed a submission of affidavits and other evidence, totally 124 pages (Doc. 189), and a subsequent supplemental affidavit (Doc. 194). He was also previously informed that he was not granted leave to file his own dispositive motion and was well aware that he should include all of his arguments in a properly filed response. On January 10, 2023, the Court specifically denied Jordan's motions regarding discovery related to his anticipated

4

cross-motion, noting that the dispositive motion deadline had expired, and the Court never extended the deadline (Doc. 180).

Thus, Jordan was aware that he was not granted leave to file his own dispositive motion *before* the deadline to file his response. Jordan chose to file his motion anyway, and it was properly stricken. He further chose to include arguments in his cross-motion that could have been included in his lengthy response and supplements. To the extent he chose to ignore court orders and file his cross-motion for summary judgment was a calculated risk he chose to take on his own. It is not a proper basis for reconsideration.

### B. Motion For Reconsideration of the Decision Granting Summary Judgment (Doc. 210)

Jordan also fails to offer an appropriate basis for reconsideration of the Court's Order granting in part and denying in part the United States's motion for summary judgment. Jordan's motion simply seeks to re-argue the summary judgment motion. He argues that the Court misinterpreted or failed to view facts he raised in his numerous briefs, which he alleges would have resulted in an outright denial of the United States's summary judgment motion. He restates his statement of facts (Doc. 210, pp. 4-5). And he again argues that the Court should have considered arguments and facts raised in his cross-motion for summary judgment. He argues that the Order made "apparent inadvertent judicial omissions (likely due to the voluminous record)" (Doc. 210, p. 2).

But rehashing arguments and facts Jordan already raised in his original motion and numerous supporting documents is not the proper basis for a motion to reconsider. Nor is his umbrage with the Court's ruling a proper basis for reconsideration. The Court

considered the arguments and facts included in Jordan's brief and exhibits. Further, as previously discussed, Jordan's cross-motion for summary judgment was properly stricken, and any argument raised in the motion should have been raised in Jordan's responsive brief and documents. Jordan argues that the cross-motion contained details and evidence supporting each of his claims of negligence. He cites to the cross-motion extensively in arguing that the Court improperly found that some of the BOP's actions were protected by the discretionary function exception. He also argues that the Court failed to address the many theories of negligence raised in the pleading. A subsequent sur-reply (Doc. 203), which Jordan argues demonstrated certain facts should be considered as undisputed and invalidated the United States's reliance on the discretionary function exception, was also properly stricken (Doc. 206, p. 3). To the extent his motion to reconsider argues that the facts and arguments in those pleadings were not considered by the Court, those arguments were properly excluded from consideration.

Finally, Jordan also takes issue with the Court's findings related to his claim that survived summary judgment—the claim that officials failed to investigate complaints of tensions in the unit. Jordan argues that the Court should have determined that the United States failed to prove the first element of the discretionary function exception.[1] The Court

---

[1] The discretionary function exception to the FTCA excludes claims for acts or omissions of employees that are "based upon the exercise…or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). To avail itself of the discretionary function exception, the government must establish that the act is discretionary rather than mandatory, and the act must be based on considerations of public policy. *McCoy v. United States*, 731 F. App'x 524, 526 (7th Cir. 2018).

found that the first element was met because the investigation of complaints were discretionary acts (Doc. 206, pp. 17-18, 21). The Court addressed a statute and a BOP Program Statement identified by Jordan, finding that those provisions did not stipulate any requirements regarding investigations (*Id*. at p. 18). Jordan now points to 28 C.F.R. 541.27(d) and 541.28(a)-(b), arguing these provisions required investigations (Doc. 210, pp. 22-23). But Jordan did not previously make any argument regarding the requirements of these provisions. Jordan also has not demonstrated that the provisions, which focus on investigations stemming from placement in administrative detention due to safety issues, are applicable to his claims. Thus, Jordan's motion to reconsider fails to offer a valid basis for reconsideration.

## CONCLUSION

For the reasons stated above, Jordan's motion to consider his motion to reconsider as timely filed (Doc. 209) is **GRANTED**. His motions to reconsider (Docs. 207, 210) are **DENIED**.

**IT IS SO ORDERED.**

DATED:  January 23, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**